**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adnan Alisic,<br><br>           Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>           Defendant. | Nos. CV-11-0063-PHX-DGC;<br>         CR-06-0717-PHX-DGC<br><br>**ORDER** |

On November 28, 2007, following a six-day jury trial, Adnan Alisic was found guilty of three charges related to the robbery of an armored car, including one count of conspiracy to interfere with interstate commerce by threats or violence (conspiracy to commit robbery); one count of interference with interstate commerce by threats or violence (robbery); and one count of carrying a firearm in relation to a crime of violence or possessing a firearm in furtherance of a crime of violence. *See* Criminal Doc. 161. On April 9, 2008, the Court sentenced Alisic to concurrent terms of 151 months in prison for the conspiracy and robbery convictions, and a consecutive term of 60 months on the firearm conviction. *See* Criminal Docs. 209 & 210. Alisic filed a timely appeal, and on November 18, 2009, the Ninth Circuit Court of Appeals affirmed his conviction. *See* Criminal Doc. 274. The Supreme Court denied Alisic's petition for certiorari on March 23, 2010. *See* Doc. 4 at 2.

On January 7, 2011, Alisic filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Doc. 1. The Court denied the motion with leave

to amend (Doc. 3), and Alisic filed an amended motion on March 21, 2007.  Doc. 4. Alisic asserts ten grounds based on ineffective assistance of counsel: (1) counsel failed to investigate co-defendants Bakir Mujkic and Daniel Mujkic, (2) counsel failed to adequately cross-examine Daniel Mujkic, (3) counsel failed to investigate and call five eye-witnesses and co-defendant Ismar Kabaklic, (4) counsel failed to present evidence to support his duress defense, (5) counsel failed to request accomplice testimony, (6) counsel did not object to the Court's application of a preponderance of the evidence standard for enhancements at sentencing, (7) counsel failed to file a pre-sentencing memorandum, (8) counsel failed to object to calculation of criminal history points at sentencing, (9) counsel failed to present the testimony of his friends and family at sentencing, and (10) counsel's advice to take the case to trial under a duress defense severely prejudiced him.  Doc. 4 at 2-11.  Subsequently, Alisic filed a motion, without explanation or argument, to dismiss grounds 1-9.  Doc. 6.

Respondents filed a response to all grounds, and Alisic filed a reply.  Docs. 7, 8.  United States Magistrate Judge Mark E. Aspey issued a report and recommendation ("R&R") that Alisic's motion to vacate, set aside, or correct sentence be denied because he had not shown that his counsel's performance was deficient or that he was prejudiced by any alleged deficiency.  Doc. 9 at 8.  Alisic filed objections to the R&R on December 5, 2011.  Doc. 12.  He did not request oral argument.  For the reasons stated below, the Court will deny Alisic's motion to dismiss grounds 1-9 as moot, deny Alisic's request for an evidentiary hearing, accept the R&R's recommendations, and deny Alisic's motion to vacate, set aside, or correct sentence.

**I.   Standard of Review.**

A party may file specific written objections to the R&R.  The Court must undertake de novo review of those portions of the R&R to which specific objections are made.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge.  The Court may also receive further evidence

- 2 -

or recommit the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**II.    Analysis.**

    **A.    Motion to Dismiss Grounds 1-9.**

The Court has not previously ruled on Alisic's request to dismiss grounds 1-9 of his motion. *See* Doc. 6. These grounds remained part of Alisic's motion at the time Respondent filed its response, Alisic filed his reply, and Judge Aspey issued the R&R. The Court will deny the motion to dismiss as moot and will address all of Alisic's objections to the R&R.

    **B.    Objections to the R&R.**

Alisic objects that Judge Aspey "failed to articulate his rational for his denial of [Alisic's] motion, but instead issued a summary denial." Doc. 12 at 1. Alisic makes five specific objections. He asserts that Judge Aspey (1) failed to address his request for an evidentiary hearing, (2) applied the *Strickland* standard unreasonably, (3) failed to analyze counsel's failure to investigate, (4) failed to analyze counsel's cumulative errors, and (5) failed to consider the totality of Alisic's evidence.

        **1.    Evidentiary Hearing.**

Alisic asked Judge Aspey to schedule an evidentiary hearing "to develop the factual and legal bases" for his request for post-conviction relief. *See* Doc. 4 at 13. Judge Aspey did not address this request in the R&R.

In determining whether to grant an evidentiary hearing, a court must consider whether, accepting the truth of petitioner's factual assertions that are not directly and conclusively refuted by the record, petitioner could prevail on his claims. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994); *Turner v. Calderon*, 281 F.3d 851 (9th Cir. 2002). To show that he is entitled to an evidentiary hearing, Alisic must allege "specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (internal quotations and

citations omitted). An evidentiary hearing may only be denied if the claim is "'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004) (quoting *Leonti*, 326 F.3d at 1116).

To prevail on a claim of ineffective assistance of counsel, Alisic must show (1) his attorney's performance was unreasonable under prevailing professional standards; and (2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064). "*Strickland* defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" *Id.*

Alisic cites to his affidavit as stating events that, if true, establish the first prong of the *Strickland* test. Doc. 12 at 1. Alisic does not identify which facts in the six page affidavit warrant a hearing. Upon reviewing Alisic's objections to the R&R, the Court finds that Alisic's ineffective assistance claim is based, in part, on the following facts not directly refuted on the record: (1) after Alisic admitted to counsel that he was guilty of the crime and Alisic was actively pursuing a plea, counsel advised Alisic that he would have "a good chance" to prevail at trial under a duress defense and "a very strong chance" to win at trial on the weapons charge (Doc. 4 at 49, ¶¶ 3-6), (2) counsel did not talk to Alisic or return hundreds of phone calls for several months before trial (*Id.* at 51, ¶ 12), (3) counsel did not have time to talk with Alisic during trial, and despite making repeated assurances to call witnesses, counsel did not depose or call any witnesses other than Alisic for his defense (*Id.* at 51-53, ¶¶ 9-10, 15-22).

The Court agrees that these allegations, if true, state a claim that counsel's performance was deficient under the first prong of *Strickland*. But as more fully discussed in response to Alisic's specific objections below, the Court finds that Alisic has not shown there is a reasonable probability that, but for counsel's unprofessional errors, the results in this case would have been different. The Court finds that Alisic has not

established cause for an evidentiary hearing because without a showing of prejudice the facts alleged do not state a claim upon which relief could be granted.

Alisic makes an additional argument regarding Judge Aspey's treatment of the evidence. Alisic refers to three pieces of evidence allegedly corroborating the facts in his affidavit – a March 23, 2007 letter from his counsel Stephen C. Kunkle regarding his plea option; counsel's notes from one of his visits; and the affidavit of Ismar Kabaklic. *Id.* Alisic argues that Judge Aspey ignored this evidence and presented only Respondent's evidence in the R&R: specifically, only the parts of the plea-advice letter that were detrimental to Alisic's claim. *Id.* at 2.

The R&R states that "[i]n response to the section 2255 motion, Respondent presents evidence that Alisic knowing[ly] rejected the plea agreements offered to Alisic against his counsel's advice." Doc. 9 at 5. The R&R cites from Respondent's arguments and the March 23 letter, as follows (Respondent's words are in regular type and Alisic's counsel's words to Alisic are italicized):

> Defense counsel's letter dated March 23, 2007, recounts a similar history of events:
>
> *You rejected the current plea offer on the table, believing that a trial was in your better interest to resolve this case. That is your decision to make, even if it may be an unwise decision.*
>
> Defense counsel was obviously frustrated with Petitioner, when defense counsel was making efforts to get the case resolved with the prosecutor, per Petitioner's expressed desire:
>
> *. . . Unbelievably, you rejected this "third" offer, which had been changed to reflect your desire for less exposure by the judge at sentencing. . . Inexplicably, you rejected that plea offer . . . Please reconsider your options.*
>
> Defense counsel's letter is replete with an urging for the Petitioner to accept a plea agreement:
>
> *If you do not desire a plea offer to a range of imprisonment for 10 to 12 years, you can reject that offer as you have previously indicated to me you wanted to do. I do not believe that is a good choice. At trial, your odds of*

> *success are very limited, if not downright bad. I never like to think I will lose at trial, but in this instance, there is a lot of evidence stacked against you.*

Doc. 7 at 22-23.

Alisic argues that Judge Aspey left out parts of the letter that support his ineffective assistance claim. Doc. 12 at 2. Specifically, he argues that the letter shows that he "was willing to sign a plea at one point in time." *Id.* (citing March 23 letter ("your desire was for a 12 year cap, and that you would settle for a 14 year cap, if the prosecutor was not willing to go to 12.")); *see* Doc. 4 at 65. Alisic argues that counsel's visitation notes back this up, noting that Alisic "wanted a 12 yr. cap." *Id.*; *see* Doc. 4 at 66. Alisic's principal argument is that while he was awaiting the government's third plea offer, counsel discussed the details of the crime with him for the first time and convinced him that he would have a good chance to win on a duress defense and to defeat the weapons charge, and his decision to reject a plea was based on this conversation. *Id.* at 49, ¶¶ 6-7, 28. As the portions of the letter already cited show, however, when the government presented Alisic with the plea terms he had previously requested, counsel could hardly have been more clear that he thought going to trial was not a good choice, that Alisic's odds of success were "very limited, if not downright bad," and that there was "a lot of evidence stacked against [him]." *See* March 23 letter, Doc. 4 at 65. It is clear that Alisic rejected the government's plea in direct contravention of his counsel's advice. As a result, any prejudice resulting from Alisic's choice not to accept the plea cannot be attributed to counsel's deficient performance at the plea stage.

Mr. Kabaklic's affidavit, showing that he would testify to Alisic's reasons and fears for committing the crime and that there were no real weapons involved, also does not support Alisic's ineffective assistance claim. *See* Doc. 12 at 2. Alisic alleges that counsel's performance was deficient because Alisic based his decision to go to trial on counsel's promise to call witnesses, and counsel did not actually call these witnesses or respond to Alisic's repeated requests to do so. Doc. 4 at 49-53, ¶¶ 6, 9-22; 28. Alisic

alleges that he told counsel, on the day of trial when he discovered that counsel only intended to call Alisic as a witness in his own defense, that he did not want to go to trial without any other witnesses to corroborate his testimony. He alleges that he would never have taken his case to trial if he had known he would be the only witness in his own defense. *Id.* at 51, ¶ 15; 53, ¶ 28.

Counsel's choice of whether or not to present particular witnesses is a matter of trial strategy to which courts show great deference. *See Hein v. Sullivan*, 601 F. 3d 897, 918 (9th Cir. 2010); *U.S. v. Ferreira-Alameda,* 815 F.2d 1251, 1253 ("Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation."). The Court will address counsel's alleged failure to present particular evidence or testimony in relation to Alisic's specific objections below. As to counsel's performance during the plea stage, Alisic presents no facts showing that counsel promised to call specific witnesses, including Mr. Kabaklic, at the time Alisic chose to reject the government's third plea offer. Nor could counsel's letter have left Alisic with any doubt that counsel did not believe that Alisic had a good chance of success at trial even after considering the possible evidence and witnesses that could help establish a duress defense. Even if counsel at an earlier time in plea negotiations convinced Alisic that witness testimony, including that of Mr. Kabaklic, would be helpful to him at trial, Alisic could not reasonably have relied on counsel's proposed use of this testimony as a basis for rejecting a plea in the face of counsel's own unambiguous advice, once the government made its plea offer, asking Alisic to "please reconsider your options," and stating that his odds for success at trial were "very limited, if not downright bad." Thus, Alisic's allegation that he would not have gone to trial if he had known he would be the only witness cannot support a claim that counsel erred in advising him when he chose to reject the government's offer.

### 2. Misapplication of the Strickland Standard.

Alisic argues that Judge Aspey misapplied the *Strickland* standard because he was not required to show that, but for counsel's errors, he would surely have been acquitted, but only a "reasonable probability that the result of the trial would have been more favorable." Doc. 12 at 3 (citing *McClellan v. Rapelje*, No. 2:08-CV-1075, 2011 WL 2447999 (E.D. Mich. June 14, 2011)). Alisic takes issue with Judge Aspey's statement that "it is clear . . . that Movant would have been found guilty of the charges against him." *Id.* (quoting Doc. 9 at 8). Judge Aspey's full statement is as follows: "Additionally, it is clear that, once the decision to proceed to trial was made by Movant, even if the testimony he proposes had been introduced, especially given that Movant himself testified, Movant would have been found guilty of the charges against him." Doc. 9 at 8.

As stated in the R&R, a showing of prejudice under *Strickland* requires that there be "a reasonable probability that[,] but for counsel's unprofessional errors, the results would have been different." Doc. 9 at 6 (citing *United States v. Blaylock*, F. 3d 1458, 1465 (9th Cir. 1994) (quoting *Strickland*). As Alisic argues, this standard does not require a showing of "sure acquittal" before making a finding of prejudice; a "reasonable probability" that the results would have been different or more favorable suffices. Judge Aspey's statement, however – concluding that it was clear that Alisic would nonetheless have been found guilty of the charges against him – shows that Judge Aspey applied the correct standard and found no "reasonable probability" of a more favorable result.

The Court also does not find that Judge Aspey's conclusion was error. Alisic presents several pages of arguments addressing both his duress defense and the weapons charge to show that there was, in fact, a "reasonable probability" that the results would have been different but for counsel's alleged errors. *See* Doc. 12. 3-10. Alisic alleges that counsel was ineffective for not interviewing Mr. Kabaklic, who would have testified as to Alisic's fears and reasons for committing the crimes (*id.* at 3), but Alisic does not

show how this testimony would have helped establish the elements needed for a successful duress defense: an imminent threat of death or serious bodily injury and a lack of reasonable opportunity to escape. *See U.S. v. Shryock*, 342 F. 3d 948 (9th Cir. 2003). Alisic also refers to unspecified people in police reports who witnessed events in the crime, but he does not show how presenting their testimony would have led to a more favorable result. *Id.* at 4. Similarly, Alisic points to evidence counsel failed to present that would have shown other peoples' involvement in the crime – a map of Scottsdale that would have shown that Alisic and his co-defendants could not have returned to their Scottsdale hotel when a witness said he saw someone enter their room, corroborating the testimony of one of the co-defendants that others were involved – but Alisic does not show how the possibility of others' involvement would have led to a reasonable probability of a different result. *Id.* at 4-7. Alisic's arguments appear to be based on his claim, not fully explained in his motion, that showing that "Tony" existed would, more likely than not, have led to a different outcome in the case. *See* Doc. 4 at 21. Even accepting that "Tony" was the alleged source of Alisic's duress, as presented in his own testimony (*see* Government's Response to Petitioner's Amended Motion, Doc. 7 at 20), Alisic alleges no evidence or testimony about "Tony" or the others allegedly involved to show that there is a reasonable probability the jury would have accepted Alisic's duress defense or otherwise reached a different result.

Alisic also alleges that counsel's failure to present Ismar Kabaklic's testimony that no one involved in the crime had a real gun prejudiced him because there was a reasonable probability that this affected the outcome. Doc. 20 at 10. Alisic's arguments consist of attacking the sufficiency of the evidence upon which the jury actually convicted Alisic on the gun charge. *See id.* at 8-10. Specifically, Alisic calls into question the testimony of Bakir Mujkic and Daniel Mujkic linking him to a gun because this testimony came from plea-bargained co-defendants and they contradicted themselves about what they actually saw on cross examination. *Id.* at 8-9. Alisic also argues that the

government's physical evidence was weak because there were no fingerprints connecting him to the gun recovered from the van used in the crime. *Id.* at 10. Alisic argues that because his conviction on the gun charge was based on weak evidence, there is a reasonable probability that, had counsel had Ismar Kabaklic testify, the jury would have reached a different result. *Id.* But Mr. Kabaklic's statement that "nobody had a real gun" (*see* Declaration of Ismar Kabaklic, Doc. 4 at 57-59, ¶ 7) conflicts with the testimony of two witnesses whom defense counsel already cross-examined and with the fact that police recovered an actual gun from the van used in the crime. Given these facts, the Court cannot find a reasonable probability that Mr. Kabaklic's testimony would have caused the jury to reach a different result on the gun charge, or that counsel's failure to present Mr. Kabaklic as a witness is sufficient grounds to undermine confidence in the outcome of this charge.

The Court will accept the R&R's finding that Alisic has failed to show that counsel's alleged deficiencies prejudiced him at trial.

### 3. Counsel's Failure to Investigate.

Alisic argues that Judge Aspey failed to analyze counsel's failure to investigate. Alisic alleges that counsel told him before trial that he would investigate all needed witnesses, but failed to do so. Doc. 12 at 12. In addition to the proposed testimony discussed above, Alisic argues that counsel failed to investigate or present testimony from five eye-witnesses who saw a "suspect" or a person who "looked like he didn't belong" inside a nearby retirement center at the time of the crime and that this person was not Alisic. *Id.*, *see* Doc. 4 at 8-11. In his motion, Alisic argued that the testimony of these witnesses would corroborate his own testimony that "Tony" was involved and "[Alisic's] duress defense would be amplified many times and most likely than not, the outcome of this case would have been different." Doc. 4 at 28. For the reasons already discussed, the Court is not persuaded that counsel's failure to investigate or present these witnesses was improper or that Alisic has shown that he was prejudiced by the omission

of their testimony. The evidence against Alisic was overwhelming. The Court accepts Judge Aspey's conclusion that Alisic has failed to show that counsel's actions in failing to investigate or call these witnesses were deficient or that counsel's alleged deficiencies prejudiced Alisic at trial.

Alisic also argues that Judge Aspey failed to address the fact that the government's evidence on the gun charge was weak. Doc. 12 at 13. Alisic has only made claims of ineffective assistance of counsel, not insufficiency of the evidence to convict him of the gun charge. As stated above, Alisic has not shown that, but for counsel's failure to call Ismar Kabaklic, there is a reasonable probability the jury would have reached a different result on this charge.

### 4.     **Cumulative Errors.**

Alisic argues that Judge Aspey failed to analyze the cumulative effect of counsel's errors. Alisic cites *Killian v. Poole*, in which the Ninth Circuit states that "even if no single error were prejudicial, where there are several substantial errors, 'their cumulative effect may nevertheless be so prejudicial as to require reversal.'" 282 F. 3d 1204, 1211 (9th cir. 2002) (quoting *United States v. de Cruz,* 82 F.3d 856, 868 (9th Cir.1996)); *see also Mak v. Blodgett,* 970 F.2d 614, 622 (9th Cir.1992).

Judge Aspey did not find any substantial errors showing that counsel's performance was deficient. *See* Doc. 9 at 8 ("Movant has not established that his counsel's performance with regard to either counseling Movant to accept the plea agreement or his counsel's trial performance was unconstitutionally deficient, or that any alleged deficiency was prejudicial to Movant.") Judge Aspey could not then assess the cumulative effect of alleged errors for which he found no reasonable basis. The Court will nevertheless undertake an analysis of the cumulative effect of those errors for which it finds Alisic has made a sufficient claim.

Alisic lists five errors that he argues Judge Aspey should have considered. Two of these alleged errors – counsel's failure to conduct any investigation and failure to call any

witnesses to corroborate Alisic's testimony – the Court has already addressed, finding that Alisic has failed to show prejudice. Two other alleged errors – that counsel failed sufficiently to explain the duress defense and failed to explain the penalty of conviction after trial – are brought for the first time in Alisic's objections and are not a proper basis for Alisic's objection to the R&R. The Ninth Circuit has held "'categorically that an unsuccessful party is not entitled as of right to *de novo* review by the [district] judge of an argument never seasonably raised before the magistrate.'" *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (citation omitted). The Court will not consider the potential cumulative effect of unsubstantiated errors not previously alleged.

The remaining alleged error – that counsel failed to communicate with Alisic before trial – is one that Alisic alleged in his motion, particularly in the context of counsel's failure to abide by Alisic's requests that he investigate and prepare witnesses to testify. *See, e.g.*, Doc. 4 at 5, 12. Although the allegation that counsel failed to meet with Alisic, taken as true, may constitute behavior that falls below professional standards, "lack of communication between attorney and client without resulting prejudice does not constitute ineffective assistance of counsel." *Morse v. Montana*, No. 89-35078, 1989 WL 150611, at *2 (9th Cir. Dec. 12, 1989). Alisic states in his own affidavit that he was guilty of the crime and that he admitted this to counsel. Doc. 4 at 48, ¶¶ 3-4. Alisic has not shown that he was prejudiced by counsel's failure to follow through with investigating and calling proposed witnesses because Alisic has not shown a reasonable probability that doing so would have led to a different or more favorable result at trial. The Court does not find that the cumulative effect of counsel's failure to meet with Alisic and other alleged errors is so prejudicial as to warrant relief.

### 5. Failure to Consider the Totality of the Evidence.

Alisic argues that Judge Aspey failed to consider the totality of the evidence. Doc. 12 at 15. Alisic's claim appears to be based on the fact that Judge Aspey only cited from parts of counsel's letter advising him to accept the government's plea offer and not

from parts that show Alisic initially wanted to sign a plea. *Id.* at 15-16. Alisic offers a timeline of the plea negotiations to show that he pursued a plea until counsel proposed the duress defense, and only rejected the plea because, after this conversation, counsel gave no reasonable explanation for his "change of heart" and nothing in the case had changed. *Id.* at 16. As the Court has already discussed, Alisic's choice to rely on an earlier conversation with counsel as a basis for going to trial rather than to accept a plea, as counsel ultimately urged him to do, cannot be attributed to counsel's deficient representation. Counsel cannot be faulted for proposing a possible defense while awaiting the government's response to Alisic's plea request, particularly where counsel later advised Alisic that accepting the offer was in his best interest. Alisic presents no evidence that Judge Aspey failed to consider that could support Alisic's ineffective assistance claim.

**IT IS ORDERED:**

1. Alisic's motion to dismiss grounds 1-9 (Doc. 6) is **denied** as moot.
2. Alisic's request for an evidentiary hearing (Doc. 4) is **denied**.
3. Magistrate Judge Mark E. Aspey's R&R (Doc. 9) is **accepted**.
4. Alisic's amended motion to vacate, set aside, or correct sentence (Doc. 4) is **denied**.
5. A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied**
6. The Clerk of the Court is directed to **terminate** this action.

Dated this 3rd day of February, 2012.

_____
David G. Campbell
United States District Judge