1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Adnan Alisic,                              No. CV11-0063-PHX-DGC

10                       Plaintiff,             **ORDER**

11  v.

12  United States of America,

13                       Defendant.

14

15        On February 3, 2012, the Court entered an order adopting Magistrate Judge

16  Aspey's report and recommendation ("R&R") that Plaintiff Adnan Alisic's amended

17  motion to vacate, set aside, or correct his sentence (Doc. 4) be denied.  Doc. 16.  On

18  February 27, 2012, Alisic filed a motion for reconsideration (Doc. 18), which the court

19  denied on March 2, 2012 (Doc. 19).  Alisic has now filed a motion to reopen judgment,

20  which the Court construes as a second motion for reconsideration.  Doc. 20.  Alisic has

21  also filed a motion to amend.  Doc. 21.  The Court will deny both motions.

22        In the second motion for reconsideration, Alisic claims that he was prejudiced by

23  counsel's advice to take the case to trial under the duress defense because counsel did not

24  explain the elements of duress and did not inform Alisic of the statutory maximum

25  sentence.  Doc. 20, at 2.  Alisic claims that he would have signed a plea agreement had he

26  been properly advised about the duress defense.  *Id.* at 3.  Alisic previously raised this

27  argument in his amended § 2255 motion (Doc. 4, at 11-12) and in his first motion for

28  reconsideration (Doc. 18, at 4-6).

1    Motions for reconsideration should not ask the Court to rethink its analysis.  *See*
2    *Northwest Acceptance Corp. v. Lynwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir.
3    1988); *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).  Courts in
4    this District have identified four circumstances where a motion for reconsideration will
5    be granted: (1) the moving party has discovered material differences in fact or law from
6    those presented to the Court at the time of its initial decision, and the party could not
7    previously have known of the differences through the exercise of reasonable diligence,
8    (2) material factual events have occurred since the Court's initial decision, (3) there has
9    been a material change in the law since the Court's initial decision, and (4) the movant
10   makes a convincing showing that the Court failed to consider material facts that were
11   presented to the Court at the time of its initial decision.  *See Motorola, Inc. v. J.B.*
12   *Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003); *Rice v. Lender*
13   *Servs. Direct, Inc.*, No. CV-06-2727-PHX-DGC, 2007 WL 2287873, at *1 (D. Ariz.
14   Aug. 8, 2007).   Alisic presents no newly discovered evidence or new factual events;
15   rather, he acknowledges that the claims asserted in his second motion for reconsideration
16   "arise from the core facts [raised in his previous motions] that are not different in time
17   and type."  Doc. 20, at 5.  He has not presented an intervening change in controlling law,
18   nor has he shown that the Court failed to consider material facts presented at the time of
19   its initial decision.  *See* Doc. 16, at 12 (counsel's alleged failure to sufficiently explain the
20   duress defense and the penalty of conviction after trial was not a proper basis for Alisic's
21   objection to the R&R when raised for the first time in his objections); *see also* Doc. 19,
22   at 1 (Alisic has not cited new law or facts that occurred after the Court's denial of his
23   § 2255 motion).

24        In the motion to amend, Plaintiff seeks to elaborate on his original claim that he
25   was prejudiced by counsel's advice to take the case to trial under the duress defense.
26   Doc. 21, at 3.  His amended claim would assert that counsel failed to explain the elements
27   of the duress defense, failed to inform him of the maximum statutory sentence after trial,
28   and failed to inform him about the possibility of a life sentence and consecutive

1   sentences.  Doc. 21, at 4-6.  As noted above, Alisic first raised the allegation that counsel

2   failed to explain the duress defense and the penalty of conviction in his objection to the

3   R&R.   The Ninth Circuit has held "'categorically that an unsuccessful party is not

4   entitled as of right to *de novo* review by the [district] judge of an argument never

5   seasonably raised before the magistrate.'"   *United States v. Howell*, 231 F.3d 615, 621

6   (9th Cir. 2000) (citation omitted).  The Court will deny the motion to amend because an

7   amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also*

8   *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), *cert. denied*, 516 U.S. 1051 (1996)

9   (holding that a district court may deny a motion to amend "where the movant presents no

10  new facts but only new theories and provides no satisfactory explanation for his failure to

11  fully develop his contentions originally").

12       **IT IS ORDERED:**

13       1.      Plaintiff's motion to reopen judgment (Doc. 20) is **denied**.

14       2.      Plaintiff's motion to amend (Doc. 21) is **denied**.

15       Dated this 23rd day of April, 2012.

16

17

18                                          _____

19                                          David G. Campbell
                                            United States District Judge

20

21

22

23

24

25

26

27

28